**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                 :
TROY WHITE,                               :
                                                 :   Civil Action No. 10-3154 (SDW)
            Plaintiff,          :
                                                 :
            v.                    :   **O R D E R**
                                                 :
CORRECTIONAL MEDICAL SERVICES,  :
et al.,                               :
                                               :
           Defendants.        :
_____:

    This case, having been transferred to this Court from the United States District Court, District of Maryland; and the Court having screened the complaint to determine whether dismissal is warranted pursuant to 28 U.S.C. §§ 1915(e) and 1915A; and the Court finding that dismissal of Plaintiff's claims is not warranted at this time; and the Court, finding that Plaintiff submitted an application to proceed <u>in forma pauperis</u> in the District of Maryland;

    IT IS on this 10th day of December, 2010,

    ORDERED that Plaintiff may proceed <u>in forma pauperis</u> without prepayment of the $350.00 filing fee pursuant to 28 U.S.C. § 1915(a) and (b); and it is further

    ORDERED that the Clerk of the Court is directed to file the complaint in the above-captioned action; and it is further

    ORDERED that the Clerk of the Court shall serve a copy of this Order by regular mail on the Attorney General for the State

of Maryland and on the warden of the NBCI, Cumberland, Maryland; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that in each month that the amount in Plaintiff's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall reference the civil docket number of this action; and it is further

ORDERED that the Clerk of the Court shall issue summons, and the United States Marshal shall serve a copy of the complaint, summons, and this Order upon the defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that the defendants shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify the plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel.  Plaintiff is advised that such appointment is not automatic; and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is finally

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address, or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

s/Susan D. Wigenton
SUSAN D. WIGENTON
United States District Judge